## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JULIA BRIGGS, Individually and on Behalf Of All Other Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 22-cv-03705 |
| STRATEGIC FINANCIAL SOLUTIONS, LLC, VERSARA LENDING, LLC, and JOHN DOES 1-100, | ) ) ) ) | Hon. Edmond E. Chang |
| Defendants. | ) ) | |

## DEFENDANT STRATFS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY ACTION AND COMPEL ARBITRATION

### INTRODUCTION

Briggs' response brief[1] makes clear that her claims against StratFS, LLC ("SFS") are not properly before this Court. For starters, this Court does not have personal jurisdiction over SFS. To that end, SFS has provided the declaration of Ryan Sasson, which establishes that SFS has no operations, employees, or presence in Illinois that would give rise to personal jurisdiction. That declaration is unrefuted. Briggs has not produced a counter-affidavit. Nor has she produced evidence of any kind. Instead, she relies on nothing more than the allegations in her complaint and a series of unauthenticated documents she purportedly found on the internet. That is insufficient, and the claims against SFS should be dismissed for lack of personal jurisdiction.

---

[1] Briggs filed a single response to both SFS's motion to compel arbitration and dismiss (Dkt. 19) and co-Defendant Versara Lending, LLC's ("Versara") motion to dismiss and compel arbitration. (Dkt. 18) In her response, Briggs inaccurately characterizes Versara's motion as only a motion to compel arbitration, and SFS' motion as only a motion to dismiss. (Dkt. 27 at 1-2) Both Defendants have made separate arguments as to the grounds for dismissal, and SFS has joined certain portions of Versara's motion.

However, even if this Court determines that jurisdiction is proper in this Court (and it is not), Briggs' claims still do not belong here. Briggs' response brief simply underscores the main point of SFS's second argument: Briggs is attempting to avoid her agreement to arbitrate and her class action waiver by strategically omitting Burnette Legal Group, LLC (d/b/a Monarch Legal Group and hereinafter "Monarch") from the caption in this case. Briggs signed a contract with Monarch, and Monarch was the entity that provided services to her. Indeed, all of Briggs' claims for relief arise from shortcomings (whether real or imagined) in the services delivered by Monarch. Briggs cannot change that fundamental reality simply by omitting Monarch as a defendant and making vague collective allegations of "fraud" that lump Defendants and other non-parties together, and obscure which ones, if any, engaged in the conduct of which Briggs complains.

Similarly, Briggs cannot avoid arbitration simply by using SFS as a stand-in for Monarch. Briggs does not deny the existence of a valid arbitration agreement. Nor can she. Her Retention Agreement with Monarch contains a clear and unambiguous arbitration provision. Instead, Briggs urges this Court to find that SFS, as a non-signatory to that arbitration agreement, cannot enforce it. However, this Court need not (and, in fact, ***cannot***) reach that issue. The arbitration agreement at issue contains an express delegation provision that reserves "any determination of the scope or applicability of this agreement to arbitrate" to an arbitrator. As the United States Supreme Court has repeatedly held, that delegation ***must*** be honored. Thus, the question of whether Briggs' claims against SFS are arbitrable must be decided by an arbitrator rather than this Court.

Finally, in the event this Court declines to compel arbitration and stay these proceedings, this Court should dismiss the claims against SFS under Rule 12(b)(6) for failure to state a claim.

**ARGUMENT**

**I.      This Court Should Dismiss This Matter For Lack Of Personal Jurisdiction.**

Briggs bears the burden of establishing a basis for exercising personal jurisdiction over SFS. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) (In a putative class action, "named representatives must be able to demonstrate either general or specific personal jurisdiction [over the defendant]."). With its motion, SFS has provided the declaration of Ryan Sasson that establishes that SFS: (1) is not an Illinois entity; (2) is not registered to do business in Illinois; (3) does not have an office in Illinois; (4) does not have business operations or employees in Illinois; (4) does not sell products or services of any kind; (5) does not hold bank accounts in Illinois; (6) is not the parent of any Illinois subsidiaries; and (7) is not the parent of any subsidiary that has a physical presence or employees in Illinois. (Dkt. 18-1 at ¶¶ 1-4)  Rather, SFS is a holding company. (Dkt. 18-1 at ¶ 4)  While Monarch Client Services, LLC (a vendor to Burnette Legal Group) is a SFS subsidiary, SFS does not direct or control its operations. (Dkt. 18-1 at ¶¶ 5-7)

In response, Briggs did not submit any counter-affidavits to refute the facts set forth in the Sasson Declaration.  The result of that failure is that Briggs cannot meet her burden:

> A complaint need not include facts alleging personal jurisdiction. However, once the defendant moves to dismiss the complaint…for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. When the court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. The court reads the complaint liberally, in its entirety, and with every inference drawn in favor of the plaintiff to determine whether it has done so. ***Once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence*** supporting the exercise of jurisdiction.  The plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor. ***Unrefuted facts in defendant's affidavits, however, will be taken as true.***

*Moore v. Charter Comm'n, Inc.*, 523 F. Supp. 3d 1046, 1050 (N.D. Ill. 2020) (internal quotations and citations omitted) (emphasis added); *see also First Fin. Leasing Corp. v. Hartge*, 671 F.Supp. 538, 539-40 (N.D. Ill. 1987) ("[W]here an affidavit refutes the allegations of the complaint, the affidavit must be taken as true unless the plaintiff submits counteraffidavits which dispute the representations made."); *ABN AMRO, Inc. v. Capital Int'l, Ltd.*, 595 F. Supp. 2d 805, 818 ("[I]f the defendant submits affidavits or other evidence in opposition, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.").

Put simply, it is not sufficient, as Briggs has done here, to merely point back to allegations in the complaint and unauthenticated materials and claim they establish personal jurisdiction over SFS. (*See* Dkt. 27 at 8-10) In response to SFS's motion, Briggs was required to put forth counter-affidavits and actual evidence to refute the specific factual points raised in the Sasson declaration. She has not done so. Accordingly, this Court should grant SFS's motion to dismiss for lack of personal jurisdiction.

**III.    If This Court Finds That It Has Jurisdiction Over SFS, SFS Joins Versara's Motion To Stay And Compel Arbitration.**

Concurrent with the filing of SFS's motion, Co-Defendant Versara filed a motion to stay this action and compel arbitration of Briggs' claims. SFS submits that the same analysis applies with equal force to Briggs' claims against SFS, and SFS expressly adopts and incorporates by reference Versara's motion to compel arbitration, reply brief in support thereof, exhibits and cited authority as though fully restated herein. Specifically, the Retainer Agreement between Briggs and Monarch contains a delegation clause that expressly delegates all issues of arbitrability to an arbitrator. Under the authority of the United States Supreme Court, that delegation provision ***must*** be honored, and the questions of whether Briggs' claims against SFS fall within the agreement to arbitrate, and whether SFS may enforce the arbitration provision, are questions for the arbitrator –

4

not this Court. Versara Mot. Compel Arb. and Reply; *see also, e.g., Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–71 (2010); *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 529 (2019); *Gore v. Alltel Comm'n, LLC*, 666 F.3d 1027 (7th Cir. 2012); *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748 (7th Cir. 2017); *K.F.C. v. Snap Inc.*, 29 F.4th 835, 838 (7th Cir. 2022). Accordingly, for all the same reasons in Versara's motion to compel arbitration and reply in further support thereof, SFS respectfully requests that this Court stay this action and compel arbitration of Briggs' claims against it.

## IV. In The Alternative, This Court Should Dismiss The First Amended Complaint Because It Fails To State Claims.

### A. Count I (Fraud) Should Be Dismissed.

Fraud claims are subject to the heightened pleading requirement of Rule 9(b). Fed. R. Civ. P. 9(b); *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019); *Pirelli Armstrong Tire Corp. Ret. Med. Ben. Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) ("[T]he particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy."). "The plaintiff must describe the 'who, what, when, where, and how' of the fraud – 'the first paragraph of any newspaper story.'" *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), a plaintiff must still plead sufficient facts from which a court can reasonably infer that the defendant acted with the requisite state of mind. *Biggers Holdings LLC v. Garcia*, 21 CV 4680, 2022 WL 3107617, *5 (N.D. Ill. Aug. 4, 2022).

In her 200+ paragraphs of allegations, Briggs does not allege a single conversation she had with SFS employees or a statement made by SFS that was untrue. Briggs does not allege that SFS

engaged in any wrongful conduct with respect to her. The extent of Briggs' allegations against SFS is that she received a retainer agreement *from Monarch*, which, "[o]n information and belief," was drafted by SFS. (FAC ¶ 38) *See, e.g., Pirelli*, 631 F.3d at 442-43 ("A plaintiff who alleges fraud can provide all the detail in the world, but does not have unlimited leeway to do so on 'information and belief.'"). That is not sufficient to sustain the sweeping fraud claims that she alleges against SFS. Notably, in her response (as in her complaint), Briggs does not even attempt to differentiate between SFS, Versara, Monarch, and other third-parties. SFS submits that is by design, and Briggs cannot escape dismissal by lumping those parties together and claiming fraud.

In her response, Briggs claims that she "easily satisfies" her pleading burden because she has alleged that: (1) Defendants mailed an invitation to apply for a debt consolidation loan to her; and that (2) SFS engineered an entire scheme to "hide behind purported attorney-client relationships." Those allegations, however, do not appear in Briggs' complaint. With respect to the former, Briggs generally alleges that a fictional entity called Polo Funding mailed a letter to Briggs regarding debt consolidation loans. (Dkt. 5 at ¶ 36) There is nothing in Briggs' complaint that alleges that *SFS* sent the Polo Funding letter to Briggs. With respect to the latter, while Briggs has cobbled together an interesting story, there are no allegations in her complaint that SFS ever made any representations to her. Indeed, as SFS has no employees, SFS did not make any representations to her. (Dkt. 18-1 at ¶ 3) All of the individuals about whom Briggs complains work for other entities. While those entities may be owned, in whole or in part, by SFS, they are separate entities with separate operations. This simply underscores the thrust of SFS' motion – Briggs has sued the wrong parties in this case. Accordingly, Count I should be dismissed.

### B. Count II (Violations Of The Illinois Consumer Fraud Act) Should Be Dismissed.

The elements of a fraud claim under the CFA are the same as common law fraud, except that a plaintiff is not required to plead reliance. *Connick v. Suzuki Motor Company*, 675 N.E.2d 584, 593 (Ill. 1996). A complaint alleging a CFA violation that is "premised upon a course of fraudulent conduct" must be pled with the same particularity and specificity as that required for common law fraud. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014). Accordingly, Count II fails for all the same reasons that Count I fails. Briggs has not alleged any specific misrepresentations by **SFS**. Count II should be dismissed.

### C. Count III (Unjust Enrichment) Should Be Dismissed.

In her response, Briggs does not address the motion to dismiss Count III at all. Accordingly, she has waived any arguments against dismissal. Moreover, "unjust enrichment is not a separate cause of action." *Vanzant*, 934 F.3d at 739-40 (*citing Pirelli*, 631 F.3d 436, 447 (7th Cir. 2011)). For that reason, and because Counts I and II fail, Briggs' unjust enrichment claim should be dismissed. *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190 (Ill. App. Ct. 2008); *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011); *Pirelli*, 631 F.3d at 447.

WHEREFORE, for the reasons set forth herein and in its opening Motion, Defendant, StratFS, LLC, respectfully moves this Court, to: (1) dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; or, in the alternative, (2) stay this matter and compel arbitration, or, in the alternative, (3) dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, SFS respectfully requests that this Court award its reasonable attorneys' fees, costs, and expenses and any other such relief as this Court deems just and necessary.

Date: January 4, 2023

Respectfully submitted,

By /s/ *Timothy D. Elliott*

Timothy D. Elliott
Emily A. Shupe
RATHJE WOODWARD LLC
300 E. Roosevelt Rd.
Wheaton, Illinois 60187
Phone (630) 668-8500
Fax (630) 668-9218
telliott@rathjewoodward.com
eshupe@rathjewoodward.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2023, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/EFC system.


By:   */s/Timothy D. Elliott*