UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIA BRIGGS, on behalf of herself and all others similarly situated, )<br>)<br>*Plaintiff,*    )<br>)<br>v.    )<br>)<br>STRATEGIC FINANCIAL SOLUTIONS, LLC; VERSARA LENDING, LLC; and DOES 1-100    )<br>)<br>)<br>)<br>*Defendants.*    ) | Case No.: 1:22-cv-3705<br>Judge: Hon Edmond Chang |

### POSITION STATEMENT OF STRATEGIC FINANCIAL SERVICES, VERSARA LENDING', AND THE RECEIVER THEREOF

In response to this Court's Order of March 27, 2024 (Dkt. No. 65), Defendants, Strategic Financial Services, LLC and Versara Lending, LLC (the "SFS Defendants"), and Thomas McNamara, Esq., as the Receiver thereof, submits the following Position Statement, stating their position that any proceedings directly against the SFS Defendants should be stayed unless and until Plaintiff receives leave of court to proceed from the U.S. District Court for the Western District of New York. However, the Receiver and SFS Defendants do not oppose Plaintiff's efforts to seek third-party discovery or to prosecute her case against other parties, including the individuals she believes are personally responsible by way of joinder or any other means this court authorizes. In support thereof, the SFS Defendants and Receiver states as follows:

#### PROCEDURAL HISTORY

As the Court is aware, earlier this year, the Consumer Financial Protection Bureau, the People of the State of New York, by Letitia James, Attorney General of the State of New York, the State of Colorado ex rel. Philip J. Weiser, Attorney General, the State of Delaware ex rel.

Kathleen Jennings, Attorney General, the People of the State of Illinois through Attorney General Kwame Raoul, the State of Minnesota by its Attorney General Keith Ellison, the State of North Carolina ex rel. Joshua H. Stein, Attorney General, and the State of Wisconsin, brought a lawsuit against the SFS Defendants and other parties in the U.S. District Court for the Western District of New York (the "WDNY"). That case is captioned CFPB, *et al.* v. StratFS, LLC, *et al.*, No. 24-cv-00040-EAW-MJR (the "CFPB case"). The WDNY entered a Temporary Restraining Order in the CFPB case on January 11, 2024 ("TRO"). On March 4, 2024, the WDNY entered a Preliminary Injunction in the CFPB case ("PI"), which contains substantially the same terms as in the TRO and which effectively installs the Receiver and stays any and all proceedings and/or claims against the SFS Defendants. *See* PI, Dkt. No. 61-1 (attachment to Dkt. No. 61).

In an earlier Minute Order entered by this Court on February 25, 2024, the Court asked the parties to state their positions on whether the Court should rule on a series of defense motions filed by Versara Lending, including a Motion to Dismiss, a Motion to Stay, and a Motion to Compel Arbitration and, additionally, to state their positions regarding whether the case could progress notwithstanding the TRO (now the PI, with essentially the same terms) if those motions were denied.

The parties filed their respective position statements as ordered. On March 27, 2024, the Court ruled on the then-pending motions and, ultimately, denied them all. *See* 3/27/24 Order, Dkt. No. 65. Thereafter, the Court also ordered the parties to file the instant position statements regarding the next steps for this case.

**LEGAL POSITION**

Having reviewed the parties' prior position statements and Plaintiff's instant position statement, the correct legal analysis of the PI and prevailing law compels the conclusion that prosecution of this case against the SFS Defendants should be stayed until Plaintiff obtains leave of court to proceed from the WDNY, pursuant to Section XX(A) of the PI. The PI does not, however, apply to any third parties nor any prospective individual defendants Plaintiff wishes to pursue who are not Receivership Defendants pursuant to the PI. Accordingly, the Receiver and SFS Defendants do not oppose Plaintiff's prosecution of those claims nor her seeking discovery from third parties.

**1. Any Further Prosecution of this Case Against the SFS Defendants Should be Stayed.**

A receivership is an equitable proceeding. *S.E.C. v. Huber*, 702 F.3d 903, 908 (7th Cir. 2012). As such, a court's powers in a receivership proceeding are not limited to statutory grants of authority but also include "the inherent power of a court of equity to fashion effective relief." *S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). Among these inherent equitable powers is the power "to issue a stay, effective against all persons, of all proceedings against the receivership entities," including actions in other courts brought by non-parties to the receivership action. *Id*. at 1369-72. The WDNY has issued a valid stay of any and all claims or proceedings against the SFS Defendants. Accordingly, any further prosecution of this case against the SFS Defendants, or any other claim against the SFS Defendants, should be stayed unless leave of court to proceed is granted by the WDNY.

While the CFPB is correct that Section IX(M) of the PI grants the Receiver discretion to defend any claim that it "deems necessary and advisable to preserve the Assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the

Receiver's mandate under [the PI]" (*see* Dkt. No. 51), this is not such a case. Doing so would deplete the Receivership Defendants' resources, including the Receivership Estate, in favor of Plaintiff and to the detriment of other creditors, obligors, and consumers who have similar claims, and as well as claims and expenses of the Receivership Estate. That depletion, ultimately, would not meaningfully benefit Plaintiff nor any of the individuals allegedly harmed by the misconduct asserted in her complaint. Instead, an extraordinary amount of those resources would be spent on the defense of this case, including attorney's fees and litigation costs – none of which would ultimately benefit Plaintiff nor any other affected individual claimant.

Regardless, Plaintiff is not prevented from pursuing her claim provided she obtains leave from the WDNY allowing her the proceed notwithstanding the PI. The WDNY is the proper forum for this decision because that court can balance the Plaintiffs' interests against those of the other claimants, as well as the interests of the Receivership Estate and the public interests. Doing so is in the best interests of all of the parties. Accordingly, Plaintiff's claims against the SFS Defendants should be stayed unless and until she obtains leave of court from the WDNY allowing her to proceed.

**2. Plaintiff is Free to Pursue her Claims Against Third Parties or Individual Defendants**

Plaintiff, through counsel, has expressed her intention to pursue discovery from third parties and to seek leave to amend her complaint to add or join additional defendants, namely, Messrs. Sasson, Blust, and Behar (the "Individuals") – whom she alleges are personally liable for all or part of the misconduct that is the subject of her complaint. As these parties are neither subject to, nor addressed in, the PI, the Receiver and SFS Defendants do not oppose Plaintiff's position; provided, however, that any proceedings against the SFS Defendants would require leave of court before they can resume. The SFS Defendants are not opposed to reasonable

cooperation with any discovery efforts directed at third parties or the Individuals, provided such requests are appropriately limited and narrowly tailored so as not to unduly burden the SFS Defendants or Receiver.

Dated: April 15, 2024

Respectfully submitted,

/s/ Jamal M. Edwards
Jamal M. Edwards (ARDC 6227420)
HILGERS GRABEN, PLLC
jedwards@hilgersgraben.com
332 S. Michigan Ave.
Suite 121, #5612
Chicago, IL  60604
Telephone: 312-554-5845

*Attorney for Defendant Strategic Financial Solutions, LLC and Thomas M. McNamara as Receiver for Strategic Financial Solutions, LLC*