Exhibit K

 **Gmail**

**Scott Priz <priz@priz-law.com>**

## Briggs: Burnette Response to Subpoena

**Heather L. Kramer** <hkramer@rathjelaw.com>                     Wed, Feb 25, 2026 at 11:32 AM
To: Scott Priz <priz@priz-law.com>
Cc: "Malmstrom, Carl" <malmstrom@whafh.com>, "Timothy D. Elliott" <TElliott@rathjelaw.com>

Scott,

Sorry I missed your call yesterday. I spoke to my client, and we intend to stand on the objections. Please keep in mind that while one of our objections was unduly burdensome, we also objected to overbreadth and relevance as the requests were not narrowly tailored to any subject matter. Again, we continue to reserve all objections.

If you would still like to speak, feel free to give me a call.

Heather

**From:** Scott Priz <priz@priz-law.com>
**Sent:** Tuesday, February 24, 2026 1:42 PM
**To:** Heather L. Kramer <hkramer@rathjelaw.com>
**Cc:** Malmstrom, Carl <malmstrom@whafh.com>
**Subject:** Re: Briggs: Burnette Response to Subpoena

Heather-

Similarly to me e-mail in the Schulte thread,

I am preparing our motion to compel for Mr. Burnette, and came across the deposition that Burnette had given in the City of Chicago case against Monarch and SFS No. 2022 CH 07197.

it that deposition, Mr. Burnette states that he has already searched hi e-mail for documents relating to Jason Blust, Ryan Sasson, and Richard Gustafson,
(p. 65 of the transcript, lines 18-22).

Although there were around 1,000 e-mail related to Mr. Blust, Mr. Burnette stated that only a handful of emails relating to Ryan Sasson. (p. 63, lines 13-14.)

It's unclear whether he also searched for e-mails from Gustafson, but given that Burnette has already performed these searches, the burden would appear to be less to find them.

Do you still wish to stand on your objections relating to the production of these e-mails for your objections to Burnette subpoena?

Scott M. Priz

Attorney at law

Priz Law, LLC

708-268-5768

On Tue, Jan 13, 2026 at 3:20 PM Scott Priz <priz@priz-law.com> wrote:

> Thank you.
>
> Scott M. Priz
>
> Attorney at law
>
> Priz Law, LLC
>
> 708-268-5768
>
> On Tue, Jan 13, 2026 at 3:18 PM Heather L. Kramer <hkramer@rathjelaw.com> wrote:
>
>> Scott,
>>
>> 1. We will produce the agreements I discussed with Carl by the end of this week.
>> 2. I'm not sure what falls into the "other documents" category, but based on his objections, including the sheer overbreadth of the requests, Mr. Burnette does not intend to produce any emails or "other documents."
>>
>> Thanks,
>>
>> Heather
>>
>> ---
>>
>> **From:** Scott Priz <priz@priz-law.com>
>> **Sent:** Tuesday, January 13, 2026 2:23 PM
>> **To:** Malmstrom, Carl <malmstrom@whafh.com>
>>
>> ---
>>
>> **Cc:** Heather L. Kramer <hkramer@rathjelaw.com>
>> **Subject:** Re: Briggs: Burnette Response to Subpoena
>>
>> Heather-
>>
>> Just following up on the M&C.  Couple of issues:

1.  Can you please give us a date as to  when you will be producing the documents that you have agreed to produce?

2.  Before we file our motion to compel on the other documents, we just wanted to confirm that you will not be producing any of Mr. Burnette's e-mail or other documents.

Thank you,

Scott M. Priz

Attorney at law

Priz Law, LLC

708-268-5768

On Thu, Nov 20, 2025 at 2:37 PM Malmstrom, Carl <malmstrom@whafh.com> wrote:

Heather,

Thank you for your time this afternoon.  Here are the various points for which I believe we will be following up on December 10th at 1:00 CST:

1. We will look into the relevant case law on whether Mr. Burnette can be required to produce documents for the entities he has an ownership interest in such as Monarch Legal Group.  We will endeavor to send you a letter on this issue in advance on our December 10th meet & confer.  We expect to discuss this issue at greater length at that time.
2. For Requests 4 & 5, we are willing to limit these requests to documents sufficient to show any business relationships between Mr. Burnette (and his entities) and SFS, and any of its parents, subsidiaries, and officers that Mr. Burnette knew or should have known was a part of the SFS family of companies.   This is also the case for Mr. Blust and his related entities (including parents and subsidiaries).  We understand that you will touch base with your client and report back on December 10th regarding your client's willingness to produce these documents.
3. For Requests 6-8 and 10-13, we understand that you will check with your client about getting a handle on the size of the universe and will discuss with us generally at the meeting on December 10th about the total size of the universe of potentially relevant documents as well as limiting factors and relevant search terms.
4. For Request 9, we understand that you will check with your client first about whether any such documents exist and, if so, what the size of the total universe of documents is.  We understand that you will be discussing this generally with us on December 10th.
5. For Requests 14 and 16, as a threshold matter (which also relates to Request 4 & 5), we need to know if there are any other law firms that your client has a member, owner, or partnership stake in that do or have done business with SFS, its parents or its subsidiaries.  We understand that you will check with your client on this and let us know if you are authorized to tell us if there are any other law firms and, if so, what they are at our December 10th meeting.
6. For Requests 15 and 16, we have agreed to bifurcate these requests into two issues: The first is whether SFS (its subsidiaries, parents, officers – including Mr. Blust and his related entities) have made any payments to your client individually.  The second is whether you we can come to agreement on point 1 (namely whether our subpoena covers Mr. Burnette's law firm(s) any other companies in which he has an ownership interest.  We understand that you will let us know if you are in a position to respond on the first part of this issue on December 10th.