**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JULIA BRIGGS, on behalf of herself and all others similarly situated, | **)**<br>**)**<br>**)** | |
| *Plaintiff,* | **)**<br>**)**<br>**)**<br>**)** | Case No.: 1:22-cv-3705<br>Judge: Hon. Edmond Chang<br>Magistrate: Hon. Gabriel Fuentes |
| v. | **)**<br>**)** | |
| STRATEGIC FINANCIAL SOLUTIONS, LLC; VERSARA LENDING, LLC; and DOES 1-100, | **)**<br>**)**<br>**)**<br>**)** | |
| *Defendants.* | **)** | |

**PLAINTIFF'S MOTION TO COMPEL**
**THIRD-PARTY DISCOVERY OF MICHELLE GALLAGHER**

Plaintiff Julia Briggs hereby moves this Court for an order requiring third party Michelle Gallagher ("Gallagher") for an order compelling the production of documents requested under the subpoena served upon Gallagher on August 14, 2025 (*see* Exhibit A, Subpoena to Michelle Gallagher). On August 25, 2025, counsel for Gallagher served Gallagher's Response (*see* Exhibit B, Non-Party Michelle Gallagher Response to Plaintiff's Subpoena). On September 12, 2025, counsel for Plaintiff met and conferred with counsel for Ms. Gallagher as required under L.R. 37.2 and Gallagher's counsel reiterated that there "is not a narrower set of documents that Ms. Gallagher would be willing produce based on her invocation of the 5th Amendment." (*See* Ex. C, e-mail from Heather Kramer on September 19, 2025.) Plaintiff now moves to compel the production of the responsive documents.

**FACTUAL BACKGROUND**

This case involves the alleged fraudulent marketing and sales of debt-relief practices by Defendants, sophisticated companies that are currently in receivership. Defendants' motions to

dismiss and motion to compel arbitration were denied on March 27, 2024. *See* ECF No. 65. This Action is stayed as to the named Defendants, but this Court has authorized third-party discovery through April 1, 2026 (*see* ECF Nos. 68, 74, 105). Since that time, Plaintiff has sent out several subpoenas to third parties (including several former employees of Defendants), including the subject of this motion, Ms. Michelle Gallagher. In *Consumer Financial Protection Bureau et al. v. StratFS, LLC et al.*, Case No. 1:24-cv-40, W.D.N.Y. ("the CFPB Action"), Gallagher was identified as the owner of several façade firms (*See* CFPB Action, Second Amendment Complaint ("SAC"), ECF No. 366 at ¶¶26, 91), and managed the day-to-day operations, at Lit Def and Fidelis Support Services, LLC (Fidelis). (*See* CFPB Action SAC ¶91.) These, companies, in turn, ran the day-to-day operations of purported law firms like Burnette Legal Group LLC d/b/a Monarch Legal Group, whom Plaintiff nominally hired to negotiate her consumer debts. Gallagher is an obvious target for a third-party subpoena.

On August 14, 2025, Gallagher was personally served with Plaintiff's subpoena. On August 28, 2025, Gallagher's attorney, Heather Kramer, responded, objecting on a variety of grounds (*See* Ex. B.). Gallagher invoked the Fifth Amendment in each objection and did not plan to search or produce any documents on that basis. On September 12, 2025, counsel for Plaintiff and counsel for Gallagher met and conferred to determine if there was a narrower set of documents that Gallagher might be willing to produce. On September 19, 2025, Gallagher's attorney reiterated that there "is not a narrower set of documents that Ms. Gallagher would be willing produce based on her invocation of the 5th Amendment." (See Ex. C, e-mail from Heather Kramer to Scott Priz on September 19th, 2025.) Plaintiff now moves to compel discovery on the basis that Plaintiff's discovery requests are not susceptible to a Fifth Amendment protection.

**ARGUMENT**

The Supreme Court of the United States has held that "the act of producing documents in response to a subpoena may have a compelled testimonial aspect. We have held that "the act of production" itself may implicitly communicate "statements of fact." By 'producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic.'" *U.S. v. Hubbell*, 530 U.S. 27, 36 (2000)(citations omitted). Further, "[w]hether the constitutional privilege protects the answers to such questions, or protects the act of production itself, is a question that is distinct from the question whether the unprotected contents of the documents themselves are incriminating." *Id.* at 37. As regards business records, however, the Supreme Court has routinely found that the mere production of existing documents is not protected by the Fifth Amendment:

> It is doubtful that implicitly admitting the existence and possession of the papers rises to the level of testimony within the protection of the Fifth Amendment. The papers belong to the accountant, were prepared by him, and are the kind usually prepared by an accountant working on the tax returns of his client. Surely the Government is in no way relying on the 'truth-telling' of the taxpayer to prove the existence of or his access to the documents. The existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers. Under these circumstances by enforcement of the summons 'no constitutional rights are touched. The question is not of testimony but of surrender.'"

*Fisher v. U.S.*, 425 U.S. 391, 411 (1976) (citations omitted). The key factor for the Supreme Court is whether the production would "have only minimal testimonial value and would not operate to incriminate the taxpayer." *U.S. v. Doe*, 465 U.S. 605, 615 (1984). The question of whether the existence of such documents would result in testimonial incrimination can be a finding of fact for the trial court. *Id.* In this case, Plaintiff expects that Gallagher's records will contain both business records involving her various firms and companies as well as correspondence between herself and various other third party people who have been involved with Defendants' activities.

However, "the subpoenaed party must demonstrate that the act of producing the requested records would have both an incriminating effect and a testimonial aspect." *U.S. v. Duncan*, 704 F. Supp. 820, 821 (N. D. Ill. 1989). Gallagher makes several boilerplate responses in her response to Plaintiff's subpoena (*see, e.g.,* Ex. B ¶ 3), but makes no substantive objections, merely standard recitals. The meet-and-confer with Ms. Kramer also provided no further insight into the basis for the Fifth Amendment objections.

The Seventh Circuit has held that "[the] validity of the assertion [of Fifth Amendment privilege] hinges not on the witness's say so alone: the trial judge must determine whether the witness's silence is justified." *Nat'l Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924, 927 (7th Cir. 1983). Similarly, "A witness must tender some credible reason why a response would pose a real danger of incrimination." *Bear Stearns & Co., Inc. v. Wyler*, 182 F.Supp.2d 679, 684 (N.D. Ill. 2002.) Gallagher cannot merely stand on her boilerplate objections.

As former Chief Judge John Grady of the Northern District of Illinois has noted, "there is a paucity of cases dealing with genuinely 'private' or personal records, such as diaries or personal letters, is that there is rarely an occasion to subpoena documents of that kind." *Matter of Trader Roe*, 720 F. Supp. 645, 647 (N. D. Ill. 1989). Further, "[i]f a witness can only be compelled to produce incriminating documents of whose contents and number the government has precise knowledge, the rule that the contents of documents are not privileged would be largely academic." *Id.* at 648. Plaintiff is stymied here by the fact that Gallagher will not even confirm nor deny the existence of responsive documents in any of Plaintiff's Requests (*see* Ex. B., *passim*). Plaintiff is unable to agree to limit the scope of production given that Gallagher will apparently not even recognize that any such documents do or do not exist. As the *Wyler* Court noted:

> The court does not require a showing that there is a pending criminal investigation, or anything as obvious as was the case in *Hubbell,* but there must be some

> explanation, some set of facts, that would lead the court to the conclusion at which Wyler hopes we arrive. As the plaintiff notes, it is not a crime to make a wire transfer, use the phone, or possess corporate records. While the production of such records may be testimonial, Wyler has simply provided the court with no information to suggest how the testimonial aspects of that production might be incriminating. His treatment of the issue in his brief leaves the court with the distinct impression that it is the content of the documents that might be incriminating, as opposed to the testimonial aspects of the production of those documents.

*Bear Stearns & Co., Inc.*, 182 F.Supp.2d at 684.

For Request Nos. 1, 2, and 3, these documents either exist or they do not. If they exist, Gallagher has previously produced them and can easily do so again here. If they do not, Plaintiff will concede that they do not exist and will move on.

For Request Nos. 4 and 5, Plaintiff knows, from her own investigation as well as the CFPB Action, that Gallagher was involved with, to some extent, at least the three companies described by the subpoena, Hedgewick Consulting, Relialit, and Lit Def Strategies (*see* CFPB Action SAC ¶¶91-92, 268). Plaintiff also knows that Gallagher has had relationships – at minimum contractual ones – with some of Defendants' companies, subsidiaries, and/or officers through the law firms that of which she was the owner. (*see Id*.) Producing documents sufficient to show contacts and relationships between Gallagher and the companies she operated, as well as those of Defendants, does not open the question as to whether or not those relationships exist, nor does their existence automatically implicate Gallagher in criminal activity. *See U.S. v. McCollom*, 651 F.Supp. 1217, 1223 (N.D. Ill. 1987) ("[T]he existence and location of the documents sought are not in issue. . .That documents matching the description appearing in the subpoena exist is a "foregone conclusion.") *See also Wachovia Securities, LLC v. Neuhauser*, 2011 WL 1465653 at *5 (N.D. Ill., Apr. 18, 2011) (The subpoena target "does not provide the Court with any explanation that would allow the Court to conclude his fear of prosecution is well-founded rather than

speculative.")  If they exist (and Plaintiff believes they do), their existence is not, on their face, incriminating, and as stated in Plaintiff's Requests, Plaintiff seeks documents sufficient to understand these relationships, not all documents in Gallagher's possession.

For Request Nos. 6 through 13, Plaintiff is aware that each of these individuals have clear, professional ties to Defendants.  The CFPB Action clearly assert that these ties exist, which has been verified by Plaintiff's own investigation.  There may be circumstances under which some of these documents are protected from production under the Fifth Amendment, but Gallagher cannot simply stand on the proposition that Plaintiff is not entitled to further enquiry on what may or may not exist.

Lastly, for Request No. 14, the three companies referenced above are all alleged (again, both by Plaintiff as well as in the CFPB Action) to have done work with or for the various Law Firms, including Burnette Legal Group, LLC d/b/a Monarch Legal Group – the law firm that oversaw Plaintiff's account – in some form or another.  (*See* CFPB Action SAC ¶¶209-213.) Plaintiff believes these documents exist, and Gallagher again cannot stand on the proposition that Plaintiff is not entitled to further enquiry.

Dated: February 27, 2026

Respectfully submitted,

*/s/ Carl V. Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

Scott Priz
**PRIZ LAW LLC**
3230 S. Harlem Ave., Suite 221B

Riverside, IL 60546
Tel: (708) 762-3143
priz@priz-law.com