**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIA BRIGGS, on behalf of herself and all others similarly situated, | **)**<br>**)**<br>**)** | |
| *Plaintiff,* | **)**<br>**)**<br>**)** | Case No.: 22 C 3705<br>District Judge: Hon. Edmond E. Chang<br>Magistrate Judge: Hon. Gabriel A. Fuentes |
| v. | **)**<br>**)** | |
| STRATEGIC FINANCIAL SOLUTIONS, LLC; VERSARA LENDING, LLC; and DOES 1-100, | **)**<br>**)**<br>**)** | |
| *Defendants.* | **)**<br>**)** | |

**CERTIFICATION OF FACTS FOR CIVIL CONTEMPT AND ORDER TO APPEAR**

Per the Court's authority under 28 U.S.C. § 636(e)(6)(b)(iii), the magistrate judge certifies the following facts to the district court, and orders the putative contemnor, Thomas Rogus, to appear at 10:15 a.m. on May 12, 2026, before U.S. District Judge Edmond E. Chang in Courtroom 2341 of the Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, Illinois, to show cause why Rogus should not be by adjudged in civil contempt by reason of the facts so certified.

1.      On February 16, 2026, Plaintiff Julia Briggs filed a motion for rule to show cause ("RTSC Motion"; D.E. 146) directed at third party Thomas Rogus, alleging that he failed to respond to a valid subpoena (D.E. 147-1) for production of documents in this matter. The subpoena attached to the RTSC Motion contained a facially valid affidavit of service, confirming personal service of the subpoena upon Rogus at a residential address in Riverside, Illinois. *Id.*

2.      The RTSC Motion also contained a sworn declaration from one of Plaintiff's counsel, Scott Priz, stating the following:

> On the following dates, I attempted to call Mr. Rogus using the number I obtained for him from the Illinois Attorney Registration and Discipline Commission on

approximately August 25, 2025. Each time I attempted to call Mr. Rogus, on August 25, November 5, November 12, and November 17, 2025. No one answered any of the calls. I left a voicemail message regarding the subpoena on August 25, 2025, and a recorded message informed me his voice mailbox was full on the subsequent calls.

On November 12, 2025, I emailed Mr. Rogus at both email addresses I have been able to locate for him from the client records we have received from defendant related firms: troguslaw@gmail.com and trogus@tarlegal.com. I included a copy of the subpoena and informed Mr. Rogus that if we did not hear back from him by November 17, 2025, we would file a motion to compel. (See Exhibit C, email exchanges between Scott M. Priz, Carl Malmstrom, and Thomas Rogus, specifically email from Scott M. Priz to Thomas Rogus of November 12, 2025 at 2:33pm.)

On January 9, 2026, I e-mailed Mr. Rogus at the above e-mail addresses. On that same day, we received an e-mail from Mr. Rogus asking "[I]f you can give me the weekend before filing any further motion." (See Ex. C, e-mail from Thomas Rogus dated January 9, 2026 at 11:20 AM.)

No documents responsive to the subpoena were sent to Plaintiff's counsel on the weekend of January 10, 2026.

On January 13, 2026, my co-counsel Carl Malmstrom e-mailed Mr. Rogus asking him to inform us what documents he had that were responsive to Plaintiff's subpoena (see Ex. C).

On January 14, 2026, I had a productive phone call with Mr. Rogus regarding the production of the responsive documents and sent Mr. Rogus an electronic link to deposit documents (see Ex. C).

On January 19, 2026, Mr. Rogus replied that "I was able to find some docs over the weekend but did not see this email till now so ill upload later on", but that "I found out earlier that my Aunt passed just after midnight. That will most likely affect my week in ways im not clear on yet but I will schedule a call with you ASAP." (See Exhibit D, e-mail exchanges between Scott M. Priz, Carl Malmstrom, and Thomas Rogus, specifically email from Thomas Rogus dated January 19, 2026 at 2:45 PM.)

On January 26, 2026, I e-mailed Mr. Rogus asking if he had an update as to when he would upload the documents.

On January 28, 2026, my co-counsel Carl Malmstrom e-mailed Mr. Rogus, stating that "[I]f we have not received your documents by one week from today, February 4, we will proceed with our motion for a rule to show cause."

On February 4, 2026, I spoke to Mr. Rogus over the phone and agreed to extend

2

our deadline to receive responsive documents to February 11, 2026. I e-mailed Mr. Rogus and asked him to agree to "search the relevant e-mail addresses and your external hard drive for the names and entities listed in our subpoena, including the names of all of the companies owned by Jason Blust and the law firms who hired the subsidiaries of Stratfs as part of the law firms representation of their clients." (See Exhibit E, February 4, 2026 email exchange between Scott M. Priz and Thomas Rogus)

Later that day, Mr. Rogus replied to my e-mail, and wrote, "Yes, I agree. Sorry for the late response." (See Ex. E, e-mail from Thomas Rogus dated February 4, 2026 at 5:46 PM.)

On February 12, 2026, Mr. Rogus responded that he had difficulty finding any responsive documents, but that "I cant actually imagine any docs existing that help, but some emails might." (See Ex. D, e-mail from Thomas Rogus dated February 12, 2026 at 10:23 AM)

On February 13, 2026, my co-counsel Carl Malmstrom e-mailed Mr. Rogus, giving him till Tuesday morning, February 17, 2026, to upload the responsive documents, or Plaintiff would file a Motion for a Rule to Show Cause. (See Ex. D.)

On February 13, 2026, Mr. Rogus wrote back, saying, "*This is a pain in the ass* - I have a lot of shit going on. Searching through ancient emails for worthless content happens as fast as my train wreck of a life will allow. Anything with an attachment will have the attachment to the extent i can access." (See Ex. D, e-mail from Thomas Rogus dated February 13, 2026 at 10:22 AM.)

Mr. Rogus subsequently replied, writing, "Carl, Ive told you in good faith that I dont have what you are looking for. Thank you for the weekend but dont get too excited for the results. If I were you, id press the receiver .... they have to have the contracts. You are looking for emails from individuals who were careful not to put things in writing. I bet the receiver has access to THEIR emails ... get it? Im bending over backwards to try to find something of value for you because nobody got screwed worse than me on this thing. It really is not that simple or easy. Have a nice weekend." (See Ex. D, e-mail from Thomas Rogus dated February 13, 2026 at 10:28 AM.

No further response was received from Mr. Rogus. 18. On February 16 and 17, 2026, I attempted to call Mr. Rogus. I left a voicemail for him on February 16 and on February 17 his voicemail box was full.

Declaration of Scott Priz (D.E. 147) ¶¶ 2-18 (emphasis added).

3.     The magistrate judge promptly set the RTSC Motion for hearing on February 27, 2026, at the Dirksen Courthouse, directing Rogus to appear and directing Plaintiff to serve him

3

with the Court's order to facilitate his in-person appearance on February 27. (D.E. 149). The hearing was later reset to March 5, 2026. (D.E. 155, 156.) Plaintiff certified that she effected service on Rogus, by U.S. mail, of the Court's orders setting the RTSC Motion hearing for February 27 and then extending it to March 5. (D.E. 157.)

4.       On March 5, the Court held the hearing on the RTSC Motion, but Rogus failed to appear. (D.E. 170.) The Court found Rogus in civil contempt, *id.*, and then entered an order of civil contempt (D.E. 172) against Rogus, with an ongoing fine of $200 per day of non-compliance with the subpoena, and an order awarding, against Rogus, fees and costs of $6,685 as previously sworn to by Plaintiff's counsel (D.E. 148). Plaintiff then certified that she had served the Order for Civil Contempt on Rogus, by U.S. mail. (D.E. 177.)

5.       For purposes of today's certification of facts, given Rogus's failure to appear at the March 5 hearing, at which he was presented an opportunity to dispute the factual allegations in the Priz Declaration but did not, the Court takes the facts set forth in the Priz Declaration (D.E. 147) as unopposed and unrebutted, and thus accepts them as true. Subsequently, the magistrate judge concluded that the finding of civil contempt on March 5 and the Order for Civil Contempt (D.E. 172) entered on March 17 were more properly the subject of a certification of facts to the district court per Section 636(e)(6)(B)(iii) and vacated the finding and the Order for Civil Contempt, along with all associated fines and fee-and-cost awards associated with the Order for Civil Contempt, pending further action, if any, by the district court. (D.E. 182.)

6.       As of this date, the Court has not been contacted by Rogus about the matters concerning the RTSC Motion or the subpoena upon him. The Court has not been made aware that he has made any attempt to contact Plaintiff's counsel about those matters.

4

7. The foregoing paragraphs constitute the Court's certification of facts to the district court in support of a contempt citation per Section 636(e)(6)(B)(iii).

**ENTER:**

**Dated: April 23, 2026**

**HON. GABRIEL A. FUENTES**
**U.S. MAGISTRATE JUDGE**